DANIEL G. BOGDEN
United States Attorney
STEVEN W. MYHRE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
NADIA AHMED
ERIN CREEGAN
Special Assistant United States Attorneys
501 Las Vegas Boulevard, Suite 1100
Las Vegas, Nevada 89101
(702)388-6336
steven.myhre@usdoj.gov
nicholas.dickinson@usdoj.gov
nadia.ahmed@usdoj.gov
erin.creegan@usdoj.gov

Attorneys for the United States



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>BLAINE COOPER,<br><br>　　　　　　Defendant. | 2:16-cr-00046-GMN-PAL<br><br>**PLEA AGREEMENT** |

The United States, by and through the undersigned, and the defendant, BLAINE COOPER and his attorney, Matthew Lay, respectfully submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).

**I.　SCOPE OF AGREEMENT**

The parties to this Plea Agreement are the United States of America and the defendant, BLAINE COOPER. This Plea Agreement binds the defendant and the United States Attorney's Office for the District of Nevada. It does not bind any

other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

II.   **DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS**

A.   <u>Guilty Plea</u>. The defendant knowingly and voluntarily agrees to plead guilty to Count One of the Superseding Indictment filed on March 2, 2016, charging Conspiracy to Commit an Offense Against the United States, in violation of Title 18, United States Code, Section 371, and Count Five of the Superseding Indictment, charging Assault on a Federal Officer, in violation of Title 18, United States Code, Sections 111(a)(1) and (b).

B.   <u>Waiver of Trial Rights</u>. The defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the defendant is giving up:

    1.   The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

    2.   The right to confront the witnesses against the defendant at trial and to cross examine them;

    3.   The right to remain silent at such a trial, with assurance that

his silence could not be used against him in any way;

    4. The right to testify in his own defense at such a trial if he so chooses;

    5. The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

    6. The right to have the assistance of an attorney at all stages of such proceedings.

    C. <u>Withdrawal of Guilty Plea</u>. The defendant will not seek to withdraw his guilty plea after he has entered it in court.

    D. <u>Dismissal of Charges</u>. After the Court has adjudged a sentence in this case, the government will move to dismiss all remaining charges in the Superseding Indictment.

    E. <u>Additional Charges</u>. The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement or for conduct known to the United States at the time of this Agreement.

**III. ELEMENTS OF THE OFFENSE**

Count 1: The elements of Conspiracy to Commit an Offense Against the United States in violation of Title 18, United States Code, Section 371 are as follows:

    1. From on or about April 12, 2014, and ending in or about March 2016, there was an agreement between the defendant and at least one other person to commit at least one crime as charged in the Superseding Indictment;

2. The defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

3. One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

Count 5: The elements of Assault on a Federal Officer in violation of Title 18, United States Code, Sections 111(a)(1) and (b) are as follows:

1. On or about April 12, 2014, the defendant forcibly assaulted a federal officer or employee;

2. The defendant did so while the federal officer or employee was engaged in, or on account of his or her official duties; and

3. The defendant used a deadly or dangerous weapon.

### IV. FACTS SUPPORTING GUILTY PLEA

A. The defendant will plead guilty because he is, in fact and under the law, guilty of the crime charged.

B. The defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt. The defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offense.

C. The defendant waives any potential future claim that the facts he admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offense.

D. The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

4

1. Beginning on or around March 28, 2014, federal law enforcement officers from the United States Department of Interior, Bureau of Land Management and National Park Service were engaged in the official duties of executing federal court orders to remove and impound cattle trespassing upon federal public lands in and around Bunkerville, Nevada, the cattle belonging to Cliven Bundy, a local rancher.

2. Defendant Cooper knew that Cliven Bundy and his sons, Ammon, Dave, Mel, and Ryan, (collectively, "the Bundys"), and others associated with them, planned to thwart, impede and interfere with impoundment operations.

3. Defendant Cooper knowingly entered into a conspiracy with the Bundys, and others associated with them, to obstruct justice by interfering with the execution of federal court orders, an offense against the United States; that is, defendant Cooper knowingly and unlawfully agreed with the Bundys and others, to devise and execute a plan to obstruct and interfere with the cattle impoundment operation conducted by federal law enforcement officers under the authority of federal court orders.

4. Defendant Cooper furthered the conspiracy by, among other things: recruiting others to join the conspiracy, encouraging and inciting others to confront and interfere with federal law enforcement officers, and providing protection for Cliven Bundy.

5. Defendant Cooper knew other members of the conspiracy used and carried firearms in furtherance of the conspiracy and that others planned to use and carry firearms to display force and aggression against law enforcement officers.

6. On April 12, 2014, and in furtherance of the conspiracy, at least one member of the conspiracy assaulted federal law enforcement officers by brandishing a firearm, that is, by displaying all or part of a firearm to law enforcement officers while the officers were performing impoundment operations, all in order to intimidate the officers by instilling in them fear and apprehension of immediate bodily injury or death.

7. Defendant Cooper knew that assaulting a federal law enforcement officer with a deadly or dangerous weapon was foreseeable and a natural or necessary consequence of the conspiracy to thwart and impede the court-ordered impoundment operation.

5

## V. COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws his guilty pleas, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI. APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A. <u>Discretionary Nature of Sentencing Guidelines</u>. The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

///
///
///
///
///
///
///

B. <u>Offense Level Calculations</u>. The parties stipulate to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions under the Sentencing Guidelines:

| | |
|---|---|
| Base offense level (USSG § 2A2.2(a)) | 14 |
| Special Offense Characteristics | |
| Brandished firearm (USSG § 2A2.2(b)(2)(C)) | +3 |
| 18 U.S.C. § 111(b) conviction (USSG § 2A2.2(b)(7)) | +2 |
| Official victim (USSG § 3A1.2(b)) | +6 |
| Offense Role Manager/Supervisor (USSG § 3B1.1) | +3 |
| Offense was calculated to influence or affect the conduct of the government by intimidation or coercion (USSG § 3A1.4, comment n. 4)) | +5 |
| Obstruction of Justice (USSG § 3C1.1) | +2 |
| **Adjusted Offense Level** | **35** |
| Acceptance (USSG §§ 3E1.1(a) and (b)) | (3) |
| **Total Adjusted Offense Level** | **32** |
| Variance for Early Resolution 18 U.S.C. § 3553 | (6) |
| **Total Offense Level** | **<u>26</u>** |

The defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

C. <u>Reduction of Offense Level for Acceptance of Responsibility</u>. Under

7

USSG § 3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG §3E1.1(b), the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources. These Sentencing Guidelines provisions, if applied, will result in a total adjusted offense level of **32**, as stated above.

D.  <u>Variance Outside Advisory Guidelines Under 18 U.S.C. § 3553</u>. The defendant has agreed to plead guilty to at least one felony count in the multi-defendant criminal case of *United States v. Bundy, Cooper, et al.*, 3:16-cr-00051-BR (D. Oregon) (hereinafter "the Oregon case"). As consideration for defendant's early resolution of both cases well in advance of trial, the parties agree to a six-level

8

reduction to the adjusted offense level as a variance outside the USSG Guideline System under Title 18, United States Code, Section 3553, the variance being based upon the defendant's early resolution of two complex multi-defendant cases arising in separate federal districts, resulting in substantial savings of time and expense to the United States government.

E. <u>Criminal History Category</u>.  The defendant acknowledges that the Court may base its sentence in part on his criminal record or criminal history and that the Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.  As consideration for the early resolution of this case and the Oregon case, the government agrees to recommend that the defendant's plea to a felony count in the Oregon case not be made part of the calculation of criminal history points for purposes of imposing a Guideline sentence in this case.

F. <u>Relevant Conduct</u>.  The Court may consider all relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

G. <u>Additional Sentencing Information</u>.  The stipulated Sentencing Guidelines calculations are based on information now known to the parties.  The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The parties further agree that other than the stipulated guidelines

calculations, neither party will argue for additional adjustments, enhancements, or departures under the Sentencing Guidelines. The defendant, however, is free to argue for further variances from the Guideline calculations under Title 18, United States Code, Section 3553.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations as appropriate, and that the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

As a further part of this agreement, and as set forth more fully below, the parties intend that the government will argue for a period of imprisonment of **72** months as part of the sentence in this case regardless of the final guideline or criminal history calculation.

**VII.   APPLICATION OF SENTENCING STATUTES**

A.   <u>Maximum Penalty</u>. Counts 1: The maximum penalty for Conspiracy to Commit an Offense Against the United States under 18 U.S.C. § 371 is 5 years imprisonment, a fine of $250,000, or both. Count 5: The maximum penalty for Assault on a Federal Officer under 18 U.S.C. §§ 111(a)(1) and (b) is 20 years imprisonment, a fine of $250,000, or both.

B.   <u>Factors Under 18 U.S.C. § 3553</u>. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence. However,

the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

C. <u>Parole Abolished</u>. The defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

D. <u>Supervised Release</u>. In addition to imprisonment and a fine, the defendant will be subject to a term of supervised release not greater than three (3) years. 18 U.S.C. § 3583(b)(1). Supervised release is a period of time after release from prison during which the defendant will be subject to various restrictions and requirements. If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence.

E. <u>Special Assessment</u>. The defendant will pay a $100 special assessment per count at the time of sentencing.

**VIII. POSITIONS REGARDING SENTENCE**

A. <u>Imprisonment</u>.

The parties agree that as a part of the sentence in this case, the government will recommend and argue for a period of imprisonment of **72** months either as a USSG Guideline Sentence, a sentence under Title 18, United States Code, Section 3553(a), or both. At his sentencing hearing, the defendant is free to argue for a sentence of imprisonment of less than **72** months under Title 18, United States Code, Section 3553, and the government is free to oppose any such argument.

B. <u>Concurrent Sentence</u>.

Further, the defendant has agreed to plead guilty to at least one felony count in the Oregon case. In consideration of the resolution of both cases well in advance of trial, the parties agree that the government will recommend that any sentence of imprisonment imposed in this case run concurrent with, but not be limited to, any term of imprisonment imposed in the Oregon case.

The defendant acknowledges that the Court does not have to follow this recommendation.

IX. **RESTITUTION**

The parties agree that restitution is not mandatory based on the crimes to which he has pleaded guilty. As a further part of this plea agreement, the government does not intend to seek non-mandatory restitution in connection with the events giving rise to the Superseding Indictment.

X. **FORFEITURE**

The government agrees to dismiss any forfeiture counts following imposition of sentence in this case and will not pursue any forfeiture in connection with the events giving rise to the Superseding Indictment.

XI. **FINANCIAL INFORMATION AND DISPOSITION OF ASSETS**

Before or after sentencing, or upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets. The defendant will release such funds and property under his control in order to pay any assessment and/or fine imposed by the Court.

## XII. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A.  <u>Plea Agreement and Decision to Plead Guilty</u>.  The defendant acknowledges that:

1.  He has read this Plea Agreement and understands its terms and conditions;

2.  He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

3.  He has discussed the terms of this Plea Agreement with his attorney;

4.  The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

5.  He was not under the influence of any alcohol, drug, or medicine that would impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial.  The defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

B.  <u>Waiver of Appeal and Post-Conviction Proceedings</u>.  The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the

Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The defendant reserves only the right to appeal any portion of the sentence that is an upward departure from the Sentencing Guidelines range determined by the Court.

The defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C. <u>Removal/Deportation Consequences</u>. The defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The defendant has also been advised if his conviction is for an offense described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The defendant acknowledges

that he has specifically discussed these removal/deportation consequences with his attorney.

### XIII. ADDITIONAL ACKNOWLEDGMENTS

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the defendant, the defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BODGEN
United States Attorney

8/25/16
DATE

STEVEN W. MYHRE
NICHOLAS D. DICKINSON
Assistant United States Attorneys
NADIA AHMED
ERIN CREEGAN
Special Assistant United States Attorneys

8/17/16
DATE

MATTHEW LAY
Counsel for Defendant

8/17/2016
DATE

BLAINE COOPER
Defendant