NGUYEN & LAY
MATTHEW LAY, ESQ.
Nevada State Bar Number 12249
400 South Fourth Street, Suite 650
Las Vegas, Nevada 89101
Telephone: (702) 383-3200
Facsimile: (702) 675-8174
Email: dml@lasvegasdefender.com
Counsel for Blaine Cooper

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:16-cr-00046-GMN-PAL-9 |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| vs. | ) | |
| | ) | |
| BLAINE COOPER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the defendant, BLAINE COOPER, by and through his court-appointed attorney of record, MATTHEW LAY, ESQ., of NGUYEN AND LAY, and, pursuant to Title 18 U.S.C. § 3553(a), hereby submits this Sentencing Memorandum for the Court's consideration. Mr. Cooper, by counsel, hereby states that he has received and reviewed the Presentence Report ("PSR") prepared in this case and has no objections to the Report. Pursuant to 18 U.S.C. § 3553(a), Mr. Cooper respectfully requests that the Court impose a total sentence of credit for time served, which is more than sufficient to comply with the purposes of sentencing under the statute.

/ / /

/ / /

DATED this 21st day of September, 2018.

>NGUYEN & LAY
>
>By: __/s/_____
>MATTHEW LAY, ESQ.
>Nevada Bar No.: 12249
>Counsel for Blaine Cooper

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTUAL HISTORY

After extensive pretrial litigation and three (3) jury trials, this Court is well ware of the facts surrounding the armed standoff with the federal government that occurred in Bunkerville, Nevada, in April of 2014. The background is accurately set forth in paragraphs 14 to 50 of the PSR. Mr. Cooper's involvement in the conspiracy is detailed in paragraphs 45 to 50 of the PSR.

### STATEMENT OF PROCEDURAL HISTORY

*The Nevada Case*

On March 02, 2016, the Government filed a Superseding Indictment in the United States District Court for the District of Nevada. ECF No. 27. The Indictment charged Mr. Cooper with the following: Count 1: Conspiracy to Commit an Offense Against the United States, in violation of 18 U.S.C. § 371; Count 2: Conspiracy to Impede and Injure a Federal Officer, in violation of 18 U.S.C. § 372; Counts 3, 6, 9, and 15: Use and Carry of a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c); Count 5: Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a)(1) and (b); Count 8: Threatening a Federal Law Enforcement Officer, in violation of 18 U.S.C. § 115(a)(1)(B); Count 12: Obstruction of the Due Administration of Justice, in violation of 18 U.S.C. § 1503; Count 14: Interference with Interstate Commerce by Extortion, a violation of 18 U.S.C. § 1951; and, Count 16: Interstate Travel in Aid of Extortion, a violation of 18 U.S.C. § 1952. Id. The indictment also charged eighteen (18) co-defendants. Id.

The indictment also included four (4) forfeiture allegations. Id. The charges stemmed from a standoff with law enforcement agents near Bunkerville, Nevada, in April of 2014. Id.

On August 25, 2016, Mr. Cooper pleaded guilty to Counts 1 and 5 of the Superseding Indictment. Notably, Mr. Cooper was the first to take responsibility for his actions in Bunkerville.

*The Oregon Case*

The Government also charged Mr. Cooper in a Superseding Indictment in the District of Oregon, Portland Division, in United States v. Bundy et. al., Case No. 3:16-cr-00051-BR-17, for his role in the occupation of the Malheur National Wildlife Refuge from January 02 through February 11, 2016. Oregon ECF No. 282. Specifically, in the Oregon case, the Government charged Mr. Cooper with one (1) count of Conspiracy to Impede Officers of the United States, a felony in violation of 18 USC § 372. Id.

On July 07, 2016, Mr. Cooper pleaded guilty to Count 1 of the Superseding Indictment. Oregon ECF No. 849. Mr. Cooper became a cooperating witness for the government in the Oregon case. Mr. Cooper did not enter into a cooperation agreement in the Oregon case until after the first Oregon case concluded with the acquittal of six (6) defendants. Therefore, Mr. Cooper testified at the trial of the second group of Oregon defendants. At the conclusion of that trial, all four (4) defendants were found guilty of at least one (1) charge.

On June 12, 2018, the Oregon district court sentenced Mr. Cooper to credit for time served, with three (3) years of supervised release. Oregon ECF Nos. 2632 and 2633.

*Pre-Sentencing Detention*

The Federal Bureau of Investigation arrested Mr. Cooper on February 11, 2016. PSR, 10. Mr. Cooper was subsequently extradited to the District of Oregon. Id. On April 15, 2016, Mr.

3

Cooper was transferred to the District of Nevada, where he was then detained. Id. Ultimately, Mr. Cooper served approximately twenty (20) months in custody between the instant case and his Oregon case.

## ARGUMENT

### THIS COURT SHOULD IMPOSE A SENTENCE OF CREDIT FOR TIME SERVED, WITH THREE (3) YEARS SUPERVISED RELEASE, WHICH IS SUFFICIENT, BUT NOT GREATER THAN NECESSARY, TO COMPLY WITH THE PURPOSES OF SENTENCING UNDER 18 USC 3553(a).

The Sentencing Reform Act, as revised by United States v Booker, 543 U.S. 220, 258-260 (2005), allows the sentencing court to consider the Federal Sentencing Guidelines, but permits the court to tailor the sentence in light of statutory concerns- to wit: factors set forth in 18 U.S.C. 3553(a).

The Court of Appeals for the Ninth Circuit has instructed that "[t]he overarching statutory charge for a district court is to 'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008) (en banc)).

Therefore, Title 18 U.S.C. § 3553(a) requires that a sentencing court consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the guidelines and policy statements issued by the Sentencing Commission, including the advisory guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide restitution where applicable. 18 U.S.C. § 3553(a)(3), (a)(5)-(7). Neither the statute itself nor Booker suggests that any one of these factors is to be given greater weight than any other factor.

Section 3553(a) also provides that courts should strive to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, provides a just punishment, affords adequate deterrence, protects the public, and allows for rehabilitation.

Here, a sentence of credit for time served, with three (3) years supervised release, would be more than sufficient to accomplish those goals in this case.

As noted in the PSR, Mr. Cooper was thirty-four (34) years-old at the time of the instant offense. He is now thirty-eight (38) years-old. Mr. Cooper is married. However, since his release in the instant case, he has legally separated from his spouse, and is pursuing a divorce. Additionally, Mr. Cooper has two (2) daughters. Upon release, Mr. Cooper arranged for his children to reside out-of-state with his mother and step-father, where they enjoy a more stable environment. Mr. Cooper intends to reunite with his children once his cases in Nevada and Oregon have resolved.

Additionally, since being released and returning to Arizona, Mr. Cooper has obtained employment. Initially, Mr. Cooper worked as a heavy equipment mechanic. Currently, Mr. Cooper is employed by an international utility contractor that performs tree pruning and removals, right-of-way clearing and maintenance, and vegetation management. As a lead groundperson, Mr. Cooper works outdoors to clear and remove brush, logs, and tree stumps. Additionally, Mr. Cooper services and maintains vehicles and other necessary equipment. Notably, Mr. Cooper is responsible for the safety both of his co-workers as well as the general public.

Notably, Mr. Cooper has severed ties with the so-called "patriot" movement. Mr. Cooper represents that, initially, his participation in the patriot movement provided him with a sense of purpose. For example, prior to his detention, Mr. Cooper boasted a sizable following of like-

minded patriots on Facebook. As a consequence of his decision to cooperate with the Government by testifying in the Oregon case, however, Mr. Cooper was ostracized from the patriot community. Furthermore, since his release from detention, Mr. Cooper has deliberately kept his distance from the patriot movement. Mr. Cooper represents that he wishes he had never become involved with the patriot movement, the Bunkerville standoff, or the Malheur occupation. Ultimately, Mr. Cooper has turned his back on the patriot movement to focus on changing his life for the better.

More importantly, Mr. Cooper entered into a cooperation agreement with the Government in the Nevada case in December of 2016. Mr. Cooper subsequently met with members of the U.S. Attorney's office and law enforcement on numerous occasions. Mr. Cooper also agreed to testify against his alleged coconspirators in the Nevada case, and was listed as a witness for the Government. See ECF No. 2583, 2. Mr. Cooper had been on standby throughout the various trials in this matter. Ultimately, however, Mr. Cooper's testimony became unnecessary in light of this Court's judgment dismissing this case with prejudice as to the remaining Bundy defendants in January of 2018. See ECF No. 3117.

Mr. Cooper has undoubtedly paid a price for his choice to participate in the crimes that occurred at the Bundy ranch and Malheur Refuge. He served extensive time in pre-trial detention. His marriage crumbled, and he was separated from his children. Yet, since his release, Mr. Cooper has demonstrated his desire to learn from this experience by severing his ties with the patriot movement, cooperating with the government, looking out for the best interests of his children, and working to support himself.

Considering all of these factors, Mr. Cooper respectfully requests that this Court impose a sentence of credit for time served, with three (3) years of supervised release. Such a sentence

would take into account the gravity of Mr. Cooper's conduct, and would more than adequately serve the needs outlined in § 3553(a)(2).

## **CONCLUSION**

Based upon the foregoing, Mr. Cooper respectfully requests that this Court impose a sentence of credit for time served, with three (3) years of supervised release, which is reflective of all applicable 18 U.S.C. § 3553 factors, and "sufficient, but not greater than necessary."

DATED this 21st day of August 2018.

                                      NGUYEN & LAY

                               By: _/s/_____
                                       MATTHEW LAY, ESQ.
                                       Nevada Bar No.: 12249
                                       Counsel for Blaine Cooper

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 21st day of September, 2018, I caused a true and correct copy of this Defendant's Sentencing Memorandum to be sent to all interested parties, including Assistant United States Attorney Daniel Scheiss, of the Las Vegas United States Attorney's office, through the CMECF system.

  Additionally, I hereby certify that on this 21st day of September, 2018, I cause a true and correct copy of the foregoing Defendant's Sentencing Memorandum to be sent to Brian Blevins, Senior United States Probation Officer, by e-mail, to the following address: brian_blevins@nvp.uscourts.gov.

             By: _/s/_____
               MATTHEW LAY, ESQ.
               Nevada Bar No.: 12249
               Counsel for Blaine Cooper